# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

LINCOLN BELKEN,

    Petitioner,

vs.

JERRY BURT

    Respondent.

No. C07-4072-LRR

INITIAL REVIEW ORDER

## *I. INTRODUCTION*

This matter is before the court on the petitioner's application for a writ of habeas corpus. The petitioner filed such application on August 29, 2007. The petitioner paid the statutory filing fee. *See* 28 U.S.C. § 1914.

## *II. BACKGROUND*

In the Iowa District Court for Dickinson County, the petitioner pleaded guilty to first-degree kidnapping, in violation of Iowa Code section 710.2, and second-degree sexual abuse, in violation of Iowa Code section 709.3. *See State v. Belken*, No. FECR011693 (Dickinson County Dist. Ct. 1999).[1] On December 10, 1999, the Iowa District Court for Dickinson County sentenced the petitioner to life imprisonment for the first-degree kidnapping conviction and 25 years for the second-degree sexual abuse conviction. The petitioner appealed. Concerning the petitioner's direct appeal, the Iowa Court of Appeals

---

[1] Iowa state court criminal and civil records may be accessed at the following address: http://www.judicial.state.ia.us/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

reversed the judgment and remanded the case for a new trial. *See State v. Belken*, 2001 Iowa App. LEXIS 105, 2001 WL 99236 (Iowa Ct. App. 2001). The State sought additional review. The Iowa Supreme Court vacated the decision of the Iowa Court of Appeals, vacated the judgment and sentence related to the second-degree sexual abuse count and affirmed the modified judgment of the Iowa District Court for Dickinson County. *See State v. Belken*, 633 N.W.2d 786 (Iowa 2001). On October 10, 2001, procedendo issued.[2]

On December 10, 2001, the petitioner filed an application for post-conviction relief. *Belken v. State*, No. PCCV021330 (Dickinson County Dist. Ct. 2005). On February 2, 2005, the Iowa District Court for Dickinson County dismissed the petitioner's application for post-conviction relief. The petitioner appealed. On May 10, 2006, the Iowa Court of Appeals affirmed, and, on July 18, 2006, the Iowa Supreme Court denied further review. On July 21, 2006, procedendo issued.

On August 29, 2007, the petitioner filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In such application, the petitioner, among other things, argues: 1) trial counsel and appellate counsel provided ineffective assistance; 2) he was denied a fair trial by an impartial jury; 3) newly discovered evidence exists which indicates another person likely committed the crime; and 4) his sentence violates the Constitution's prohibition against cruel and unusual punishment. The court now turns to consider the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

[2] Under Iowa law, appeals in criminal cases must be taken within thirty days of the final judgment. *See* Iowa R. App. P. 6.101; *State v. Braun*, 460 N.W.2d 454, 455 (Iowa 1990); *State v. Raim*, 381 N.W.2d 635, 636 n.1 (Iowa 1986). In the event that an appeal is timely filed, the date procedendo issues determines when a conviction is final under Iowa law; an appeal becomes final on the date procedendo is issued. Iowa Code section 822.3; *Dible v. State*, 557 N.W.2d 881, 883 (Iowa 1996); *Smith v. State*, 542 N.W.2d 853, 853-54 (Iowa 1995).

## IV. DISCUSSION

### A. *Initial Review Standard*

Rule 4 of the Rules Governing Section 2254 Cases provides that the court shall conduct an initial review of the application for habeas corpus and summarily dismiss it, order a response, or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application without ordering a response if it plainly appears from the face of the application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). For the reasons set forth below, summary dismissal is appropriate in this case.

### B. *28 U.S.C. § 2244(d)*

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), applications for habeas corpus relief are subject to a one-year statute of limitations as provided in 28 U.S.C. § 2244(d)(1). "By the terms of [28 U.S.C. §] 2244(d)(1), the one-year limitation period begins to run on one of several possible dates, including the date on which the state court judgment against the petitioner became final." *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).[3] Where the petitioner's judgment became final before the effective date

---

[3] 28 U.S.C. § 2244(d)(1) provides:
> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable
> (continued…)

of the AEDPA or April 24, 1996, the Eighth Circuit Court of Appeals has adopted a one-year "grace" period, which ended on April 24, 1997, for the filing of habeas corpus applications. *See Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 (8th Cir.1999); *Ford*, 178 F.3d at 523; *Moore v. United States*, 173 F.3d 1131, 1135-36 (8th Cir.1999); *Nichols v. Bowersox*, 172 F.3d 1068, 1073 (8th Cir.1999) (en banc). Moreover,

> In [*Nichols*, 172 F.3d at 1073, the Eighth Circuit Court of Appeals] held that time before the effective date of AEDPA, April 24, 1996, is not counted in computing the one-year period of limitation. Prisoners whose judgments of conviction became final before the effective date of AEDPA are given a one-year period after that date, or until April 24, 1997, plus any additional periods during which the statute is tolled.

*Peterson*, 200 F.3d at 1204.

Here, the Iowa District Court for Dickinson County entered judgment against the petitioner on December 10, 1999. State law required the petitioner to take and perfect an appeal within thirty days. *See* Iowa R. App. P. 6.101 (appeals in criminal actions must be taken and perfected within 30 days of final judgment). Because the petitioner took and perfected an appeal, the conviction became final on January 8, 2002, the date of the expiration of time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A) (the limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review); *see also Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) ("Finality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a

---

(…continued)
        to cases on collateral review; or
        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

certiorari petition expires."). The date the petitioner's conviction became "final" or January 8, 2002 is after the effective date of the AEDPA or April 24, 1996. Thus, the petitioner's 28 U.S.C. § 2254 application is only timely if the limitations period was tolled for all but a period of less than one year between January 8, 2002, the date his conviction became final, and August 29, 2007, the date he filed the instant action. *See Peterson*, 200 F.3d at 1204; *Nichols*, 172 F.3d at 1077.[4]

Post-conviction relief actions filed before or during the limitations period for habeas corpus actions are "pending" and the limitations period is "tolled", within the meaning of 28 U.S.C. § 2244(d)(2), during the time "a properly filed" post-conviction relief action is before the district court, the time for filing of a notice of appeal and the time the petitioner has to perfect the appeal in such a "properly filed" action if the petitioner actually files a notice of appeal, and the time for the appeal itself. *See Peterson*, 200 F.3d at 1204-05 (discussing application of 28 U.S.C. § 2244(d)(2)); *Mills*, 187 F.3d at 882-84 (same); *see also Lawrence v. Florida*, ___ U.S. ___, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007) ("[28 U.S.C.] § 2244(d)(2) does not toll the [one-year] limitations period during the pendency of a petition for certiorari."); *Snow*, 238 F.3d at 1035-36 (concluding 28 U.S.C. § 2244(d)(2) does not toll the limitations period for the 90 days during which a petitioner could seek certiorari from a state court's denial of post-conviction relief).

---

[4] In the case where a petitioner files an appeal, the date procedendo issues is relevant to determining the date when the conviction becomes final. *Compare Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001) (stating that the running of the statute of limitations for purposes of 28 U.S.C. § 2244(d)(1)(A) is triggered by: 1) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings; or 2) the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days allowed for filing a petition for a writ of certiorari in the United States Supreme Court) (citing *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998)) *with Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (concluding that, "[i]f [a] defendant stops the appeal process before [the entry of judgment by the state court of last resort], the conviction becomes final when the time for seeking further direct review in the state court expires").

Nevertheless, 28 U.S.C. § 2244(d)(2) does not assist the petitioner. Although he filed an application for post-conviction relief, the petitioner does not account for the period from July 21, 2007, that is, the date that procedendo issued with respect to his application for post-conviction relief, and August 29, 2007, that is, the date he filed the instant action.[5]

Because the one-year time limit contained in 28 U.S.C. § 2244(d)(1) is a statute of limitation rather than a jurisdictional bar, equitable tolling, if applicable, may apply. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *Moore*, 173 F.3d at 1134 (8th Cir. 1999). However, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file [an application] on time." *Kreutzer*, 231 F.3d at 463; *see also Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001) ("In the AEDPA environment, courts have indicated that equitable tolling, if available at all, is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (equitable tolling "reserved for those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result."); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir.1999) (equitable tolling reserved for extraordinary circumstances beyond a prisoner's control). "[E]quitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer*, 231 F.3d at 463 (citing *Niccolai v. United States Bureau of Prisons*, 4 F.3d 691, 693 (8th Cir.1993)). In the instant case, the petitioner presents

---

[5] Iowa law allows a defendant three years in which to apply for post-conviction relief. *See* Iowa Code section 822.3. Nonetheless, the one-year statute of limitations contained in 28 U.S.C. § 2244 bars a petitioner from filing a federal application for a writ of habeas corpus under 28 U.S.C. § 2254 if one year or more of the three-year period for filing a state post-conviction relief application under Iowa Code section 822 lapses. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001); *see also Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-55 (8th Cir. 2003) (applying *Painter*).

6

no circumstances justifying the application of equitable tolling. *See Delaney*, 264 F.3d at 14 (party who seeks to invoke equitable tolling bears the burden of establishing the basis for it).

In sum, the petitioner did not file his application within the one-year period of limitation. Indeed, the petitioner does not account for over a month. Because it is clear that 28 U.S.C. § 2244(d) bars the petitioner's action, the application for a writ of habeas corpus shall be dismissed summarily under Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS THEREFORE ORDERED**:

The petitioner's 28 U.S.C. § 2254 application is dismissed.

**DATED** this 31st day of August, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA